**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY D. ANDERSON, JR., | No. C 11-04275 CW (PR) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DIRECTING CLERK OF THE COURT TO PROVIDE PLAINTIFF WITH BLANK CIVIL RIGHTS FORM; DENYING REQUEST FOR PRELIMINARY INJUNCTION |
| v. | |
| ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |
| _____/ | (Docket no. 3) |

Plaintiff, a state prisoner currently incarcerated at the Santa Rita County Jail (SRCJ), filed the instant <u>pro se</u> civil rights action under 42 U.S.C. § 1983, complaining of inadequate medical care.  He also seeks a preliminary injunction.  He has been granted leave to proceed <u>in forma pauperis</u>.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  <u>See</u> <u>id.</u> § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

**United States District Court**
For the Northern District of California

1  under color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48

2  (1988).  Under § 1983, liability may be imposed on an individual

3  defendant only if the plaintiff can show that the defendant

4  proximately caused the deprivation of a federally protected right.

5  <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).

6      Plaintiff makes the following allegations in his complaint:

7          On or about May 22, 2011 I was called to sick call
       by a nurse and was told that a doctor would not want to
8      see me for extreme pain that comes from a gunshot wound
       to my face.  I was not seen by a doctor for months and
9      was prescribed the lowest cost $ for pain medication.  In
       months time my condition had worsened ears, breathing,
10     facial pain.

11  Compl. at 3:10-17.

12      Plaintiff names as Defendants the Alameda County Nurses Union

13  and the Alameda County Sheriff's Department.

14      Rule 8(a) of the Federal Rules of Civil Procedure requires

15  that the complaint set forth "a short and plain statement of the

16  claim showing that the pleader is entitled to relief."  A complaint

17  that fails to state the specific acts of the defendant that

18  violated the plaintiff's rights fails to meet the notice

19  requirements of Rule 8(a).  <u>See</u> <u>Hutchinson v. United States</u>, 677

20  F.2d 1322, 1328 n.5 (9th Cir. 1982).  Additionally, Rule 8 requires

21  that each averment of a pleading be "simple, concise, and

22  direct."  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996).

23  While the federal rules require brevity in pleading, a complaint

24  nevertheless must be sufficient to give the defendants "fair

25  notice" of the claim and the "grounds upon which it rests."

26  <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (quotation and citation

27  omitted).

28      Here, Plaintiff's claims cannot proceed as plead because

he has not provided sufficient facts for the Court to determine whether he states a cognizable claim for relief. He does not explain, for example, the exact nature of his injury, the medical care he requires, the reasons provided for refusing him such medical care, and why the prescribed medicine he received was inadequate. Additionally, he has linked no Defendant or any other individual to his allegations and an identifiable injury.

Accordingly, Plaintiff's complaint is DISMISSED for failure to state a cognizable claim for relief. He may file am amended complaint in which he (1) alleges sufficient facts for the Court to determine whether he states a claim for the violation of his constitutional rights, and (2) clearly links Defendants to the alleged injury or injuries for which the Defendants are alleged to be responsible.

Plaintiff also requests a preliminary injunction, by which he seeks to have the Court "look into" the conditions of confinement and inadequate medical care at SRCJ. Docket no. 3. Because Plaintiff, however, has not provided sufficient information for the Court to understand the nature of the injury that would be remedied by such an injunction and the specific relief he seeks, the request for a preliminary injunction is DENIED without prejudice.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's complaint is DISMISSED.

2.   Plaintiff's request for a preliminary injunction is DENIED without prejudice.

3.   Within thirty (30) days from the date of this Order, Plaintiff may file an amended complaint in order to cure the

**United States District Court**
For the Northern District of California

deficiencies noted above.

Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 11-04275 CW (PR), and the heading "AMENDED COMPLAINT."

If Plaintiff fails to timely file an amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed.

4.   It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

5.   The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

This Order terminates Docket no. 3.

IT IS SO ORDERED.

DATED:  4/10/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

4